IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SETH MICHAEL KASEL,

    Plaintiff,

    v.                                    CASE NO. 17-3102-SAC

SEDGWICK COUNTY DETENTION
FACILITY,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3.) Plaintiff is detained at the Sedgwick County Detention Facility in Wichita, Kansas ("SCDF"). Plaintiff alleges that he is being denied adequate religious materials and services. Plaintiff alleges that he has made "request after request" and has been denied. Plaintiff spoke with the Chaplain and she told him that she was not denying approval, but rather the facility was denying Plaintiff's requests. Plaintiff alleges that he was denied religious services because the facility does not have religious services for Wiccans. Plaintiff also claims that the facility has made it difficult for him to obtain adequate religious materials because he is indigent and the facility has denied his attempts to get literature "through the facility." Plaintiff alleges that his request to have the facility provide him with a composition notebook for use as a Book of Shadows has been denied. Plaintiff names SCDF as his sole defendant, and he seeks "chastisement of the facility [and] 100 million dollars."

On September 27, 2017, the Court entered a Notice and Order to Show Cause ("NOSC") (Doc. 4), giving Plaintiff until October 27, 2017, to either show cause why his case should not be dismissed for the reasons set forth in the NOSC or to file a proper amended complaint.

1

In the NOSC, the Court found that because failure to exhaust appears from the face of the Complaint, Plaintiff is required to show that he has fully and properly exhausted his administrative remedies. The Court also found that Plaintiff's request for money damages against SCDF is subject to dismissal because the facility is not a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005). The Court also found that Plaintiff's First Amendment claim of denial of the right to freely practice his religion is subject to dismissal for failure to allege adequate facts in support. Lastly, the Court found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a physical injury

The Court gave Plaintiff the opportunity to show cause why his Complaint should not be dismissed and the opportunity to file a proper amended complaint. Plaintiff has failed to respond to the NOSC within the prescribed time. The Court finds that this case should be dismissed due to the deficiencies set forth in the NOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 31st day of October, 2017.**

S/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**